IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTOR DWAYNE HENDERSON,            )<br>                                                              )<br>            Plaintiff,            )<br>                                                              )<br>      vs.            )<br>                                                              )<br>DOUGLAS COUNTY,            )<br>                                                              )<br>            Defendant.            ) | 8:04cv494<br><br>ORDER SETTING<br>SCHEDULE FOR<br>PROGRESSION OF CASE |

This matter, which is on the docket of Judge Laurie Smith Camp, has been assigned to the undersigned Magistrate Judge for full pretrial supervision. The case was brought without counsel by a prisoner in a State or local corrections facility and is exempt from initial disclosure and planning conference requirements. *See* Fed. R. Civ. P. 26(a)(1)(E)(iii) & 26(f).

**IT IS ORDERED:**

1. **Limits on Discovery**. Each party is limited to serving fifty **(50)** interrogatories, including subparts, on any other party. If necessary, the parties may ask the court for leave to serve additional interrogatories. The plaintiff may take up to **ten (10)** depositions upon written questions pursuant to Fed. R. Civ. P. 31, subject to the limitations of that rule. The defendant is limited to taking **ten (10)** depositions upon oral examination in this case, without leave of court.

2. **Adding Parties; Amending Pleadings**. The court does not anticipate any additional motions to add parties or to amend pleadings.

3. **Dispositive Motions**. All motions for summary judgment or partial summary judgment shall be filed by **November 15, 2005**.

4. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **November 1, 2005**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.

5. **Pretrial Conference**.   Because the plaintiff is presently incarcerated, it is

appropriate that the issues concerning the pretrial conference be handled in writing rather than by an in-person conference. **Derek R. Vaughn** will have the primary responsibility for drafting the Order on Final Pretrial Conference. The order should be drafted and submitted to the plaintiff by no later than **February 15, 2006.** The plaintiff is instructed to provide additions and/or proposed deletions to **Derek R. Vaughn** by **February 28, 2006. Derek R. Vaughn** shall submit a Proposed Order on Final Pretrial Conference to the court by no later than **March 15, 2006.** If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. **The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel of all represented parties.**

6. **Trial**. The trial of this matter will be set by further order of the court.

7. **Motions to Alter Dates**. Any request for a change of date setting shall be directed to the undersigned Magistrate Judge by written motion supported by a showing of good cause.

8. **Plaintiff's address**. The plaintiff shall keep the court informed of the plaintiff's current address at all times while this case is pending.

**DATED May 2, 2005.**

         **BY THE COURT:**

         s/ F.A. Gossett
         **United States Magistrate Judge**

NOTICE to PRO SE LITIGANTS re WRITTEN DISCOVERY

The Federal Rules of Civil Procedure permit a party to serve written discovery requests upon another party. See, e.g.:

Rule 31 - depositions upon written questions

Rule 33 - interrogatories

Rule 34 - requests for documents

Rule 36 - requests for admission.

A plaintiff does not need leave of court to engage in written discovery (interrogatories, depositions upon written questions, and requests for production of documents or admissions) on parties to the case. See Fed. R. Civ. P. 31, 33, 34 and 36 (copies attached). Discovery requests are to be mailed, in the case of a represented party, to the attorney for the party from whom the discovery is sought.

To obtain documents from a person or entity who is not a party to the case, such as to obtain the plaintiff's medical records from a doctor who is not a defendant, the plaintiff must proceed pursuant to Fed. R. Civ. P. 45, which relates to subpoenas on nonparties.

Rule 31. Depositions Upon Written Questions

(a) Serving Questions; Notice.

(1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.

> (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;
>
> (B) the person to be examined has already been deposed in the case; or
>
> (C) a party seeks to take a deposition before the time specified in Rule 26(d).

(3) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).

(4) Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

(c) Notice of Filing. When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

Rule 33. Interrogatories to Parties

(a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d).

(b) Answers and Objections.
 (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

 (2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

 (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

 (4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

 (5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

(c) Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.
An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

(d) Option to Produce Business Records.
Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Rule 34. Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes

(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(c) Persons Not Parties. A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

Rule 36. Requests for Admission

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre- trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.